IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHEROKEE NATION BUSINESSES,
LLC; CHEROKEE NATION
ENTERTAINMENT, LLC; and JENNIFER
MCGILL                                                                      PLAINTIFFS

v.                             No. 4:24-cv-969-DPM

SARAH HUCKABEE SANDERS,
Arkansas Governor, in her official
capacity; ALEX LIEBLONG, in his official
capacity; MARK LAMBERTH, in his
official capacity; STEVE ANTHONY, in
his official capacity; DENNY EAST, in his
official capacity; MICHAEL POST, in his
official capacity; BO HUNTER, in his
official capacity; and STEVE LANDERS,
in his official capacity                                                  DEFENDANTS

ORDER

In November 2024, Arkansas voters approved a ballot measure to end casino gaming in Pope County. That measure, now ratified as Arkansas Constitutional Amendment 104, did three things: It repealed the Arkansas Racing Commission's authority to issue a casino license in Pope County; it revoked Cherokee Nation Entertainment, LLC's preexisting casino license there; and it prescribed a new process by which casino licenses may be issued in the future. The plaintiffs claim the Amendment violates their rights under the Takings Clause,

the Contracts Clause, and the Fourteenth Amendment. They have sued many state officials, seeking injunctive relief. The Court recently held a hearing, denied a Temporary Restraining Order, scheduled expedited discovery, and set a March 2025 trial on the merits.

Local Voters in Charge—the ballot question committee behind Amendment 104—has moved to intervene either as of right or permissively. Fed. R. Civ. P. 24(a) & (b). It asserts these interests: keeping Amendment 104 in the books; seeing that its work was not done in vain; and ensuring local voter control over casino gaming. *Doc. 26 at 6*. All parties oppose LVC's intervention.

*

*First*, LVC's motion to strike the State's response is denied. While the State did not oppose intervention at the November 2024 TRO hearing, it asked to brief the issue because its lawyers hadn't yet reviewed LVC's full motion to intervene. *Doc. 33 at 26*. The Court noted the State's tentative position and directed post-hearing briefs from all sides. The State responded late in the day on the November 22nd deadline, revising its position after further consideration. It was entitled to change course.

*Second*, LVC's backup request to reply to the State's response is denied as unnecessary. That response did come after LVC had replied to the plaintiffs' response. But the State's opposition to LVC's intervention is largely rooted in the *parens patriae* doctrine, which the

plaintiffs had already addressed, and LVC had already responded to comprehensively. *Doc. 24 at 7-9* (Plaintiffs' Response); *Doc. 26 at 6-8* (LVC's Reply). LVC's position on that doctrine is clear. Further briefing would be cumulative.

*Third*, LVC is not entitled to intervene as a matter of right. No federal statute gives it an unconditional right to intervene. Fed. R. Civ. P. 24(a)(1). And LVC has not rebutted the presumption that the State, acting as *parens patriae*, will adequately represent the proposed intervenor's rights. Fed. R. Civ. P. 24(a)(2); *Little Rock School District v. North Little Rock School District*, 378 F.3d 774, 780 (8th Cir. 2004). LVC's interests in this litigation do not "differ from or conflict with" the State's interests. *South Dakota ex rel. Barnett v. U.S. Department of Interior*, 317 F.3d 783, 786 (8th Cir. 2003). The only questions presented here are whether Amendment 104 runs afoul of the plaintiffs' federal constitutional rights and, if so, whether this Court should enjoin its enforcement. LVC and the State vigorously seek the same result—no injunction. And although LVC articulates "different reasons than the [State] for seeking to defeat the" plaintiffs' claims, those reasons are subsumed by the State's interest in upholding Amendment 104. *North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 921 (8th Cir. 2015). LVC has not made a sufficiently "strong showing" of inadequate representation. *LRSD*, 378 F.3d at 780.

*Fourth*, LVC's alternative request for permissive intervention is denied. No party disputes the timeliness of LVC's motion, which was filed four days after the complaint. But in the circumstances, LVC's intervention risks gumming up the works in this fast-paced case. Fed. R. Civ. P. 24(b)(3). The parties must sprint through expedited discovery to reach the March 2025 trial. *Doc. 25*. The intervention scuffle and related motion practice have already diverted focus from the merits. This matter needs resolution rather than more tangles. And as already discussed, the State has defended—and continues to defend—Amendment 104 with fervor. *South Dakota ex rel. Barnett*, 317 F.3d at 787.

*Last*, the Court understands LVC's desire to be heard on the constitutional questions presented. An *amicus* brief is the best means to do so. The Court grants LVC permission to file such a brief. *Amicus* brief due thirteen calendar days after the parties file their trial briefs.

\*

Motions, *Doc. 15 & 28*, denied.

So Ordered.

*_____*
D.P. Marshall Jr.
United States District Judge

12 December 2024