IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHEROKEE NATION BUSINESSES, LLC;**
**CHEROKEE NATION ENTERTAINMENT, LLC;**
**AND JENNIFER MCGILL**                                              **PLAINTIFFS**

VS.                                NO. 4:24-cv-969-DPM

**SARAH HUCKABEE SANDERS,**
**Arkansas Governor, in her official capacity;**
**ALEX LIEBLONG, MARK LAMBERTH, STEVE ANTHONY,**
**DENNY EAST, MICHAEL POST, BO HUNTER,**
**AND STEVE LANDERS, in their official capacities**     **DEFENDANTS**

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the following Protective Order (hereinafter referred to as the "Order") is issued to govern certain disclosures in this case:

**1.    Scope.** All materials produced or adduced in the course of trial or discovery including, but not limited to, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively referred to as the "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.    Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) trade secrets and/or information that reveals trade secrets; (c) research, technical, commercial or financial information that the party

or its affiliate has maintained as confidential; (d) business records, including, but not limited to, invoices, investments made in pursuit of establishing a casino, financial statements, financial reports, company manuals, operating agreements, etc. of a party or its affiliate; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; (h) identity of customers and/or customer lists; (i) information regarding any financial records of customers or vendors of the parties who are not parties to the case; (j) all banking and financial records showing payment to third parties relative to CNE and CNB's pursuit of, or reliance on, the Pope County casino license, including but not limited to architects, contractors, consultants, attorneys, and engineers; and (k) all redacted portions of the redacted version of CNE's casino license application and any other application submitted by CNE, Legends or CNB to the Arkansas Racing Commission.

It is the intention of this Protective Order that the following categories of information shall not be designated as Confidential Information, and that this Order should not be construed as governing or affecting a party's use or disclosure of: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise through no actual or alleged act, omission, or fault of any receiving party; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no actual or alleged act, omission, or fault of any receiving party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligation of confidence to any third party with respect to that information, except information received from casino license applications; or (d) any

information that after its disclosure in this action is rightfully received by the receiving party, its trial counsel or any expert retained by or for the receiving party under no obligation of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any dispute as to whether information is Confidential Information under the terms of this Order shall be resolved according to the procedure set forth below.

3. **Designation.**

    A. **Procedure.** A party may designate a document as Confidential Information, or may designate an electronic folder containing documents, which shall include all documents contained in the electronic folder, as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document, in an electronic folder or file name, and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The designation shall be applied prior to or at the time that the documents are produced or disclosed. Applying the designation to a document does not mean that the document has any status or protection by state or federal law or otherwise except to the extent and for the purposes of this Order. Any copies made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    B. **Inadvertent Failure to Designate.** An inadvertent failure to

designate a document as Confidential Information does not, standing alone, waive the right to subsequently so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order at paragraph 4, even if inadvertent, waives any protection for deposition testimony. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

      **C.**    **Inspection of Materials Prior to Production.**  In the event that documents, materials or other information are made subject to inspection prior to their production, no marking of those materials need be made by the producing party at the time of that inspection.  For purposes of such an inspection, all materials made available for the inspection shall be considered Confidential Information and subject to this Order at the time of the inspection.  Thereafter, if any materials subject to that inspection are produced and the producing party wishes those materials to be considered Confidential Information under this Order, the producing party shall so designate them in accordance with the procedures set forth in this Order.

**D.** **Certification by Counsel or Party.** The designation of materials as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this Order.[1] However, counsel shall not be required to parse out individual pages lacking Confidential Information from a larger document that contains Confidential Information; thereby meaning all of the larger document may be marked as Confidential Information without being in violation of this Order.

**4.** **Depositions.** Deposition testimony may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," in whole or in part, within seven days after receipt of the written transcript by the designating party. Until that time, all deposition testimony shall be treated as confidential to permit counsel an opportunity to designate the deposition testimony as confidential.

**5.** **Protection of Confidential Material.**

**A.** **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (B) for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

**B.** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity *except* as set forth in subparagraphs (i)-(ix) below. Subject to these

---

[1] By designating documents as confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

requirements, the following categories of persons may be allowed to review Confidential Information: (i) counsel for the parties and employees of counsel who have responsibility for the action; (ii) individual parties and officers, directors, employees, agents, or representatives of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; (iii) the Court and its personnel; (iv) court reporters and recorders engaged for depositions or hearings; (v) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (vi) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"); (vii) during their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; (viii) the author or recipient of the document in the regular course of business (not including a person who received the document in the course of litigation); and (ix) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed upon or ordered.

### 6. Confidential Information – Attorneys' Eyes Only

Any Confidential Information produced during this litigation and designated by the producing party or non-party as "Confidential—Attorneys' Eyes Only" will be used solely for the purpose of this litigation and, except as otherwise stated herein, will be disclosed only to counsel for the other party discovering the documents; employees and consultants of such counsel; persons who were the authors or recipients of the documents or information in the ordinary course of business (after such individual has been given a copy of this Order and properly executed a non-disclosure agreement in the form attached hereto as Exhibit A); and the Court and stenographers transcribing the testimony or argument at hearing, trial or depositions in this action or any appeal therefrom. However, the records or documents may be revealed to experts retained by counsel to assist in preparation of this action for trial, but only after the individual has been given a copy of this Order and properly executed a non-disclosure agreement in the form attached hereto as Exhibit A.

**7. Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**8. Filing of Confidential Information.** The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before filing under seal. If an entire page contains Confidential Information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any Confidential Information and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics

and solid reasons, including an explanation about why redaction cannot be done.

9. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

A. **Procedure.** Counsel should confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within seven days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

B. **No Waiver.** A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper.

10. **Use of Confidential Documents or Information at Trial.** Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any hearing, or in support of, or opposition to, a motion. Any party may move the Court

to prevent unnecessary disclosure of Confidential Information.

**11.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

   **A.**    If a receiving party is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   **B.**    The receiving party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

   **C.**    The purpose of imposing these duties is to alert the issuing person or entity to the existence of this Order and to afford the designating party in this case an opportunity to make attempts to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**12.    Obligations upon Conclusion of Litigation.**

   **A.    Order Continues in Force for One Year After Litigation Ends.**

This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

      **B.** **Obligations upon Conclusion of Litigation.** Within sixty days after dismissal or entry of final judgment not subject to further appeal, the producing party may make demand upon the receiving party for return or destruction of all materials considered Confidential Information under this Order, including "copies" as defined above. Where the demand for return or destruction is made, the subject documents shall be returned to the producing party unless: (i) the document has been offered into evidence or filed without restriction as to disclosure; (ii) the parties agree to destruction to the extent practicable in lieu of return; (iii) as to documents bearing the notations, summations, or other mental impressions of the receiving party (*i.e.*, attorney work product), that party elects to destroy the documents and certifies to the producing party that it has done so; or (iv) to the extent retention is required by other laws, rules or regulations, including those of the Arkansas Bar Association and Arkansas Supreme Court. To the extent a request is not made, the parties agree that the receiving party shall destroy all documents containing Confidential Information before expiration of one year following dismissal or judgment not subject to further appeal.

      **C.** **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain: (i) attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (ii) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information

shall continue to be protected under this Order. An attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or otherwise violate this Order.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED,** this 16th day of January, 2025.

_____
U.S. District Judge D. Price Marshall, Jr.

**PREPARED BY:**

Bart W. Calhoun, Ark. Bar No. 2011221
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR 72201
Phone: (501) 954-8000
bart@mcdanielwolff.com

*Attorney for Plaintiffs*

**AGREED AS TO FORM AND SUBSTANCE:**

Ryan Hale, Ark. Bar No. 2024310
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 295-7419
ryan.hale@arkansasag.gov

*Attorney for Defendants*

## ATTACHMENT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the District Court of the Eastern District of Arkansas in matters relating to the aforementioned and attached Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**NAME (PRINTED):** _____

**JOB TITLE:** _____

**EMPLOYER:** _____

**BUSINESS ADDRESS:** _____

_____

**DATE:** _____

**SIGNATURE:** _____