IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHEROKEE NATION BUSINESSES,
LLC; CHEROKEE NATION
ENTERTAINMENT, LLC;
and JENNIFER MCGILL                                              PLAINTIFFS

v.                          No. 4:24-cv-969-DPM

STATE OF ARKANSAS; and
ALEX LIEBLONG, MARK LAMBERTH,
STEVE ANTHONY, DENNY EAST,
MICHAEL POST, BO HUNTER, and
STEVE LANDERS, in their official
capacities                                                        DEFENDANTS

ORDER

Discovery disputes remain between the plaintiffs and certain non-parties. *Doc. 65.* The Court heard argument on 10 February 2025. The Court has considered the plaintiffs' need for the discovery sought, its relevance, the burden to the non-parties, and the expedited discovery schedule. Here are the Court's rulings.

*First*, some agreements on scope. Communications and materials about polling data, plus voter, demographic, and advertising research are excluded. So are communications/materials about petition parts and LVC's budgeting and expenses. *Doc. 65-1 at 2.*

*Second*, the timeframe for production is limited to 28 August 2024 to 8 November 2024—for now.  The plaintiffs and non-parties are free to adjust this timeframe by agreement.  If some extraordinary need for communications/materials outside this period (or some other agreed period) arises, the plaintiffs must seek leave of Court before propounding additional discovery requests.

*Third*, the marketing and campaign communications/materials.  What did voters see, and why?  The non-parties have agreed to produce the final versions of all advertisements related to Issue 2.  The plaintiffs may discover the geographic scope of those ads.  But the drafts and unused iterations of those ads are excluded because the voters never saw them.  Communications about the "why" (the motive) are fair game insofar as they do not involve the data or research already discussed (the means).

*Fourth*, the ballot language (the ballot title, popular name, and proposed amendment).  The parties dispute Amendment 104's purpose and the extent to which it achieves that purpose.  The draft language, and communications about that language, may speak to those issues.  The plaintiffs may therefore reach these drafts and communications.  And the Court excepts them from the production timeframe above.

*Fifth*, all communications and materials discussed in this Order will be subject to this Court's Protective Order, *Doc. 41*, or one promptly proposed by the non-parties here and adopted by this Court.

The Court orders its own additional protections, in any event. These communications/materials are for attorney's eyes only. They shall not be used for any purpose other than this lawsuit. And their confidentiality must be protected with the utmost care. All these protections shall remain in place for the next two election cycles until 31 December 2028. And the Court maintains its jurisdiction during that time over all persons and entities covered by this Order (including the plaintiffs and plaintiffs' counsel) and all the matters covered by this Order.

*Last*, the timetable. The non-parties must make their production as soon as practicable on a rolling basis. Production may be completed, and the remaining depositions may be conducted, after the discovery cutoff.

\*      \*      \*

Discovery dispute, *Doc. 65*, addressed.

So Ordered.

*/s/ W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 February 2025