IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHEROKEE NATION BUSINESSES, LLC;
CHEROKEE NATION ENTERTAINMENT, LLC;
AND JENNIFER MCGILL                                                                            PLAINTIFFS

v.                              CASE NO. 4:24-cv-969-DPM

STATE OF ARKANSAS; *et al.*                                                                    DEFENDANTS

### DEFENDANTS' TRIAL BRIEF

In 2018, the Arkansas electorate voted for what became Amendment 100 to the Arkansas Constitution—which authorized four casino gaming licenses to be issued. Six years later, the voters were presented with another constitutional amendment regarding casinos sponsored by Local Voters in Charge (LVC). From the start of the initiative petition process, Plaintiffs and LVC were engaged in counter-programming. At every stage in the process, from canvassing through the ballot box, both sides engaged one another head-on in advocating for their position, including litigation before the Arkansas Supreme Court. As was true in 2018, the LCV amendment was put to the voters in the general election. The voters spoke and Amendment 104 passed.

Now Plaintiffs sue the State of Arkansas and the Commissioners of the Arkansas Racing Commission challenging the constitutionality of Amendment 104. What is evident from the pleadings and arguments of Plaintiffs in this case is that their problems are not with the Defendants, but rather with LVC, a non-party to this case. At this point, Plaintiffs have complained of no action taken by the State (which is of no surprise) or the ARC Commissioners. In fact, it is undisputed based on the evidence in the case that ARC had not a thing to do with Amendment 104, including

enforcement. Defendants maintain they are not proper parties in this case and that Plaintiffs have failed to state facts upon which relief may be granted.

**Undisputed Factual Background**

In 2018, the Arkansas electorate passed Amendment 100 to the Arkansas Constitution, which authorized four casino gaming licenses to be issued. The amendment required the ARC to issue a license to a Franchise holder located in Crittenden County (Southland) and a Franchise holder in Garland County (Oaklawn). Amend. 100, §4(j). The ARC was also required to award a casino license to an applicant located in Pope County and an applicant located in Jefferson County. Amend. 100, §4(k). The Quapaw Tribe was the only applicant for the casino license in Jefferson County. The Pope County license was a different story. It saw a highly competitive application pool among sophisticated businesses. As a result, the license has been the subject of a series of litigation.

In 2019, the license was awarded to Gulfside Casino Partnership ("Gulfside"). Cherokee Nation Business, LLC (CNB) challenged the decision in *Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2021 Ark. 183, 632 S.W.3d 284. Following the decision of the Arkansas Supreme Court, ARC met and in November 2021, awarded the Pope County casino license to CNB. Gulfside challenged the award by ARC, and the Supreme Court agreed, holding that ARC acted unconstitutionally so CNB's license was void. *See Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, 676 S.W.3d 368. ARC again reopened the 30-day application period on May 12, 2024.

On January 24, 2024, four Pope County residents registered a BQC called Local Voters in Charge (LVC) with the Arkansas Ethics Commission. It was formed to "advocate[] for an amendment to the Arkansas Constitution . . . to repeal authorization for a casino and casino gaming in Pope County, Arkansas, as provided in [Amendment 100], and to require a local option vote for any future potential casino locations." Its members are Jim Knight, Bill James, Hans Stiritz, and Rick Thone. On March 20, 2024, Attorney General Tim Griffin certified a popular name and ballot title for LVC's proposed constitutional amendment to Amendment 100, § 4 of the Arkansas Constitution. Between April and late June 2024, LVC canvassers circulated the initiative petition statewide to collect signatures of registered voters to have the proposed amendment placed on the ballot.

On May 3, 2024, Investing in Arkansas registered as a BQC with the Arkansas Ethics Commission. It formed to "advocate for the protection of Arkansas Amendment 100" and to "promote the continued investments and economic development benefits . . . provided because of Amendment 100." Its members are Jennifer McGill, Natalie Ghidotti, and Cale Turner.

On June 5, 2024, CNE submitted an application to ARC for the Pope County casino gaming license. It was the only applicant with a letter of support from Pope County Judge Ben Cross. Judge Cross testified that Amendment 100 did not restrict him to only supporting one applicant, he made that decision on his own. On June 27, 2024, ARC awarded the Pope County casino license to CNE.

On July 31, 2024, Secretary Thurston determined LVC submitted no less than 116,200 signatures, which exceeded the required 90,704, and certified the initiative petition for the proposed amendment to the ballot for the November 5, 2024, general election.

On August 1, 2024, Arkansas Canvassing Compliance Committee (ACCC) registered as a BQC with the Arkansas Ethics Commission. It was formed "to advocate against and to seek to disqualify the Local Voter Control of Gambling Amendment." The members of ACCC were Jennifer McGill, Roger Lee, Nick Patel, and CNB.

Through ACCC and Investing in Arkansas, CNE and CNB spent more than $15 million to counter the efforts of LVC and to campaign against Amendment 104 (also known as Issue 2). This amount of money does not include what was expended by CNE and CNB before they had to register a BQC, according to the deposition testimony of David Couch. Plaintiffs' efforts to advocate and educate against Amendment 104 included public polling, focus groups, investigating and recording LCV canvassers, direct mailers, text messages to consumers, television and web advertisements, and social media posts. They engaged a number of professional vendors to assist in their efforts.

The same day it registered as a BQC, ACCC along with Jennifer McGill and CNE filed an original action in the Arkansas Supreme Court on two counts: (1) Insufficient number of signatures, and (2) the Popular Name and Ballot Title were Insufficient. *See McGill, et al. v. Thurston*, 2024 Ark. 146, 698 S.W.3d 121 (regarding Count I); *McGill, et al. v. Thurston*, 2024 Ark. 149, 699 S.W.3d 45 (regarding Count II). The Petition was denied on both counts.

On November 5, 2024, the voters passed Issue 2. The law became Amendment 104 to the Arkansas Constitution. It went into effect automatically on November 13, 2024. On November 21, 2024, Governor Sanders issued a proclamation stating the number of votes cast for and against Amendment 104 and declaring it adopted.

All seven Commissioners of ARC testified unequivocally that they nor the commission had any involvement in Amendment 104. ARC has no role in the process for initiated measures,

which go through the Attorney General and the Secretary of State. Moreover, the testimony is undisputed that they did not take any action under Amendment 104, nor were they required to, to repeal the license issued to CNE. The license was repealed automatically once the amendment became effective.

**ARGUMENT**

Plaintiffs challenge the constitutionality of Amendment 104 to the Arkansas Constitution. They allege claims under the Bill of Attainder Clause, Due Process Clause, Contracts Clause, Equal Protection Clause, and Takings Clause. They seek a declaratory judgment that Amendment 104 is unconstitutional and for Cherokee Nation Entertainment's (CNE) license to be reinstated, that Amendment 104's purported revocation of the license is void and unenforceable, and that the license remains in effect. Plaintiffs also request that Amendment 104 be permanently enjoined, and that Defendants be enjoined from enforcing the Amendment. Plaintiffs seek monetary compensation under their Takings Clause claim and their attorneys' fees and costs. In their Second Amended Complaint, Plaintiffs also made a demand for a jury trial.

Defendants have filed multiple motions to dismiss throughout this litigation, that in parts have become moot as a result of amendments to Plaintiffs' complaint. As to the State of Arkansas, Defendants maintain that it is entitled to sovereign immunity and should be dismissed. As to the Commissioners of ARC, they maintain they are entitled to sovereign immunity because they have no connection to the enforcement of Amendment 104, the amendment is self-executing, and there is no future conduct of the Commissioners to enjoin. Defendants further state that Plaintiffs have failed to state a cause of action for any of the constitutional violations alleged in their Second Amended Complaint.

The Court has previously advised that it is aware of the arguments and authorities relied upon Defendants, who do not need to repeat their positions. Therefore, Defendants incorporate their previous Motions to Dismiss and supporting briefs and reply (ECF Nos. 6, 7, 29, 30, 36-1, 67, 68, and 81) and incorporate the arguments and authorities pleaded as if set forth herein word for word. *See* Fed. R. Civ. P. 10(c).

March 7, 2025

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:  JORDAN BROYLES
Ark. Bar No. 2015156
Senior Assistant Attorney General
RYAN HALE
Ark. Bar No. 2024310
Senior Assistant Attorney General
LAURA PURVIS
Ark. Bar No. 2023239
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 301-0169
(501) 682-2591 fax
jordan.broyles@arkansasag.gov

*Counsel for Defendants*