IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHEROKEE NATION BUSINESSES,
LLC;  CHEROKEE NATION
ENTERTAINMENT, LLC;
and JENNIFER MCGILL                                                PLAINTIFFS

v.                                No. 4:24-cv-969-DPM

STATE OF ARKANSAS; and
ALEX LIEBLONG, MARK LAMBERTH,
STEVE ANTHONY, DENNY EAST,
MICHAEL POST, JOHN SCHMELZLE,
and STEVE LANDERS, in their official
capacities                                                           DEFENDANTS

ORDER

Discovery disputes between the plaintiffs and various non-parties continue to bog this case down.  This dispute involves two categories of production, both of which the Court addressed in an earlier Order, *Doc. 71*.  The first concerns communications and materials related to marketing and campaign activities.  The second concerns drafts and communications about Issue 2's ballot language.  The plaintiffs also seek to enlarge the production timeframe by about five months, and for the non-parties to finish their production ASAP.

*First*, the Court's earlier decision on the marketing and campaign communications/materials stands.  The plaintiffs say the non-parties'

production (nineteen pages and fifteen media files) is lacking. *Doc. 82 at 2*. They base this inference on the non-parties' past representations about the "thousands of emails" in their possession. *Doc. 82 at 1*. The Court doesn't doubt the emails' volume or the time needed to review them. But these representations were made before the Court narrowed the scope and timeframe for production. The non-parties, naturally, have less to produce now.

The motive/means distinction balances the plaintiffs' need for the discovery sought, its relevance, the non-parties' burden, and the expedited discovery schedule. Motive is the "reason or explanation" for what the voters saw about Issue 2. *Motive*, Black's Law Dictionary, (12th ed. 2024). For example, a desire to misrepresent the text and effect of Amendment 104. The means—like data, research, and strategy— help "to attain an end." *Means*, Black's Law Dictionary, (12th ed. 2024). For example, decisions about whether to use dogs in campaign mailers. *Doc. 82-3* (Plaintiffs' Exhibit C). Where some overlap exists, the non-parties must err on the side of disclosure with good-faith redactions.

"[A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000) (quotations omitted). The non-parties' lawyers certify that they have done so. *Doc. 82 at 6; see also* Fed. R. Civ. P. 26(g).

They are officers of the Court;  the record presents no solid reason to doubt them.

*Second*, the drafts and communications about ballot language. The non-parties' assert attorney/client and work product privileges for seventeen documents, which are specified in their privilege log, *Doc. 82-9*, and supported by four affidavits, *Doc. 82-10 to 82-13*. After a "cursory review" of the log, plaintiffs challenge the claims of privilege on several grounds. *Doc. 82 at 2–5*.

Resolving privilege disputes takes time and requires document-by-document *in camera* review. *PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 992 (8th Cir. 1999).  The non-parties must file a complete set of the privileged documents, *ex parte* and under seal, by 12 March 2025.  (Please deliver a courtesy copy to Little Rock chambers.)  The Court directs the parties to meet and confer by video conference, in the next day or two, to discuss and narrow the privilege dispute if possible.  By 14 March 2025, plaintiffs must then clarify which documents they're challenging and give document-specific reasons. Precedent requires them to do so. *Ibid.*

*Third*, the plaintiffs' request to enlarge the production timeframe by moving the start date to 1 April 2024 is denied.  The significance of this date is unclear.  No "extraordinary need" has been shown. *Doc. 71 at 2*.

*Last*, except for materials affected by the privilege issues, the non-parties must finish their production by close of business on 12 March 2025.

*    *    *

Discovery dispute, *Doc. 82*, partly addressed and partly deferred for more information.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_10 March 2025_