IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHEROKEE NATION BUSINESSES,
LLC; CHEROKEE NATION
ENTERTAINMENT, LLC; and
JENNIFER MCGILL                                                             PLAINTIFFS

v.                              No. 4:24-cv-969-DPM

STATE OF ARKANSAS; and ALEX
LIEBLONG, MARK LAMBERTH, STEVE
ANTHONY, DENNY EAST, MICHAEL
POST, JOHN SCHMELZLE, and STEVE
LANDERS, in their official capacities                                       DEFENDANTS

ORDER

The State's motion *in limine*, Doc. 90, is denied without prejudice and with some thoughts. The State may renew its objections at trial, particularly on a motion for judgment as a matter of law. The parties must take the Court's rulings on the motion to dismiss into account as they present evidence and make objections.

- **Evidence Relating to Local Voters in Charge**

The bar for relevant evidence is low. Fed. R. Evid. 401; 1 CHARLES T. MCCORMICK, MCCORMICK ON EVIDENCE § 185.2 (Robert P. Mostellar et al. editors, 9th ed.). The Court will hear the evidence and only consider it for admissible purposes. *Fields Engineering & Equipment, Inc. v. Cargill, Inc.*, 651 F.2d 589, 594 (8th Cir. 1981). The preclusion doctrines

remain in play.  But, as the Court has said, a sliver of the surviving constitutional claims may not be barred.

- **Morowitz's Testimony**

There's less need for *Daubert*'s gatekeeping function in a bench trial. *United States v. McDaniel*, 925 F.3d 381, 385 (8th Cir. 2019). The State's objections probably go more to weight than admissibility. We'll see.

- **Couch's and Ruben's Testimony**

Expert testimony on the ultimate legal issues is inadmissible. *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003).  Plaintiffs must, as they say they will, steer clear of those issues with these witnesses.  Facts, and some regulatory background, are fine.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

19 March 2025