

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| CHEROKEE NATION BUSINESSES, LLC; CHEROKEE NATION ENTERTAINMENT, LLC; and JENNIFER MCGILL | PLAINTIFFS |

v.                         No. 4:24-cv-969-DPM

| | |
|---|---|
| SARAH HUCKABEE SANDERS, Arkansas Governor, in her official capacity *et al.* | DEFENDANTS |

## MOTION FOR LEAVE TO FILE AMICUS BRIEF BY POPE COUNTY, ARKANSAS

Comes Now, Pope County, Arkansas, a non-party, by and through Undersigned Counsel, and for its Motion for Leave to File Amicus Brief herein states and alleges:

1. The Court's Second Final Scheduling Order identifies March 21, 2025, as the deadline for Amicus Briefs to the Court. Doc. No. 80.

2. Pope County, Arkansas, moves the Court for leave to file an amicus brief in this case. Specifically, Pope County is the situs of any proposed Casino at issue in this litigation. *Second Amended Complaint*, ¶¶ 1, 10-27. All of the facts pled involve Pope County, Arkansas, and many involve Pope County governmental officials. *Id.*

3. As the Second Amended Complaint alleges, Pope County Judge Ben Cross and the Pope County Quorum Court issued a Letter of Support and Resolution of Support respectively, supporting Cherokee Nation Businesses following the passage of Amendment 100 to the Arkansas Constitution. *Id.* at ¶ 12. Thereafter, Judge Cross entered into an Economic Development Agreement (EDA) with CNB. *Id.* at ¶ 13.

1

4.      In this action, Plaintiffs assert that they raised their federal constitutional issues before the Arkansas Supreme Court and the Court reserved those questions. *Id.* at ¶¶ 34-35. Thus, Plaintiffs sued in this Court seeking, *inter alia*, a declaration regarding the affect of Amendment 104 to the Arkansas Constitution as to Plaintiff's constitutional rights. *Id.* at ¶¶ 45-75.

5.      The resolution by the Court of Plaintiffs' claims directly affect Pope County, its residents, and its government. These interests are thoroughly explained in Sections 2.1, 3, 4.1(a) & (b), and 4.3 of the EDA (Doc. No. 1, pp. 18-26). Moreover, Pope County stands to lose significant revenues if the EDA is adversely affected.

6.      Therefore, Pope County respectfully requests that it be permitted to file an amicus brief in accordance with the Court's Second Final Scheduling Order on or before March 21, 2025, due to the County's significant interest in the outcome of the pending litigation, for the Court's consideration.

7.      Attached hereto as Exhibit A is the proposed amicus brief on behalf of Pope County, Arkansas.

WHEREFORE, Pope County, Arkansas, a non-party, respectfully requests the Court grant it leave to file an amicus brief.

Respectfully submitted,

*Pope County, Arkansas*
*Non-Party*

_____
Michael A. Mosley
Ark. Bar No. 2002099
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1312 W. Oak Street
Conway, Arkansas 72034

Telephone (501) 764-4334  
Telefax (501) 764-9173  
email: mosley@jowenslawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHEREKOEE NATION BUSINESSES, LLC *et al.*                PLAINTIFFS

Case No. 4:24-cv-969-DPM

STATE OF ARKANSAS *et al.*                                          DEFENDANTS

## *AMICUS BRIEF* OF NON-PARTY POPE COUNTY, ARKANSAS

Comes Now, Pope County, Arkansas, a non-party, for its *Amicus Brief of Non-Party Pope, County, Arkansas*, herein states and alleges:

INTRODUCTION

To be brief, Cherokee Nation Businesses, LLC and Cherokee Nation Entertainment, LLC are hereinafter referred to as CNB. CNB brought suit against the State of Arkansas (and others in their official capacities, *i.e.*, collectively the State of Arkansas.) The operative Complaint in this matter at this time is CNB's Second Amended Complaint (Doc. No. 46).

In the Second Amended Complaint, CNB claims in relevant part, that "[p]rior to Amendment 104 [to the Arkansas Constitution] taking effect, CNE [Cherokee National Entertainment, LLC, also a Plaintiff] held the license to conduct casino gaming in Pope County, Arkansas. Doc. No. 46, ¶ 1. The Court set forth the claims at issue in its Order of March 18, 2025.

This Court has denied the State's Motion to Dismiss the Second Amended Complaint in part. Doc. No. 105. As to two of the remaining claims (Contracts Clause and Bill of Attainder Clause) following that Order, Pope County, Arkansas, offers the following discussion.

1

DISCUSSION

### *Contract Clause*

CNB argues that Amendment 104 nullifies or at least substantially impairs the existing contracts between CNB and Pope County, Arkansas. Doc. No. 43, ¶ 48. The County agrees.

The United States Supreme Court has said the "absolute language of the [Contract] Clause must leave room for the 'the essential attributes of sovereign power,' … necessarily reserved by the State to safeguard the welfare of their citizens.'" *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 243-44 (quoting *United States Trust Co. v. New Jersey*, 431 U.S. 1, 21 (1977)). But the Court was clear of the exception to this rule and said: "…that power has limits when its exercise effects substantial modifications to private contracts." *Allied Structural*, 438 U.S. at 244. "Despite the customary deference courts give to state laws directed to social and economic problems, '[l]egislation adjusting the rights and responsibilities of contracting parties must be upon reasonable conditions and of a character appropriate to the public purpose of justifying its adoption.'" *Id.* at 244 (quoting *United States Trust Co.*, 431 U.S. at 22. As Plaintiffs note from *Allied Structural*: "impairments of a State's own contracts would face *more stringent examination* … than would laws regulating contractual relationships between private parties." 438 U.S. at 244, n.15; *Plaintiffs' Trial Brief*, p. 21 (emphasis added).

As Plaintiffs have shown, "[t]he EDA bound CNB to provide over $40 million in funds to support economic development in Pope County once the casino license was finally settled in CNB's favor." *Plaintiff's Trial Brief*, p. 2, ¶ 6. It is clear that the intent of Amendment 104 was to *specifically* interfere with the Contract (EDA) and deprive Pope County of revenue the County and its voters clearly voted for and wanted. *See Exhibits D & E* to *Plaintiffs' Trial Brief*.

2

The definite loss of revenue to Pope County and impairment of the EDA are precisely the type of interference contemplated in *United States Trust Co., supra.* above. As Plaintiffs have noted: "[a]t the time Pope County and CNB entered the EDA in 2019, there had been no prior constitutional challenges to repeal, target, limit, or otherwise adversely impact the Pope County casino license. *Just the year prior, voters approved of the casino by an eight (8) point margin.*" *Plaintiffs' Trial Brief*, p. 19 (emphasis added). So, the County contends the Plaintiffs are correct both legally and factually regarding the Contract Clause claim.

### *Bill of Attainder*

Plaintiffs challenge Amendment 104 as violative of the Bill of Attainder Clause. *See* Doc. 105, p. 10. A state, via any law or constitutional amendment cannot give less protection than that provided by the United States Constitution per the Supremacy Clause. *See generally Cormack v. Settle-Beshears*, 474 F.3d 528, 531 (8th Cir. 2007) (discussing the federal baseline via the Supremacy Clause).

Where a law such as Amendment 104 inflicts forbidden punishment under the historical test by targeting and 'permanently confiscating" property of a party, the Bill of Attainder Clause is violated. *Nixon v. Admin. Of General Services*, 433 U.S. 425, 473-78 (1977). Under the functional test, Amendment 104 fails too: it is not rational, fair, nor does it have a nonpunitive purpose as more fully discussed herein. *See Nixon*, 433 U.S. at 482. Finally, under the motivational test, as the Plaintiffs argue, Amendment 104 is not a "local control" amendment; rather, it is a barrier to *any* casino in Pope County short of another future, unforeseeable constitutional amendment. If local control truly mattered here to the State, then the vote of the citizens of Pope County approving the license under Amendment 100 would matter, the support by the County Judge and Quorum Court would matter, and the EDA would matter. Amendment 104 espouses the

3

exact opposite of local control considering the undisputed facts aduced thus far in this case. Thus, the motivation was never local control for Amendment 104; it was the removal of local control.

The State says: "Even their [CNB's] conclusory allegations" as to the factual allegations regarding Amendment 104 and its plain intent to target and punish CNB do not specifically plead a bill of attainder clause claim. Doc. No. 68, pp. 4-5. The allegations, detailed in Plaintiffs' trial brief at pages 3-6, demonstrate Amendment 104 was touted (by a competitor of CNB *after* CNB and the County entered valid agreements) to repeal Amendment 100 (to interfere with and impair the contracts between CNB and the County) and the specific purpose was to target CNB's EDA with Pope County in favor of itself, Choctaw Nation. As noted, the Court has already found Plaintiffs' allegations are sufficient to surmount the State's motion to dismiss. Doc. No. 105.

Amendment 100 permitted four casinos in the State and Pope County was explicitly the site of one of the four. Amend. 100, Ark. Constitution. The County also contends that as to Amendment 104, the voters demonstrably were ill-informed at best as they did not know the effect of passage of Amendment 104 was to specifically target CNB's casino gaming license for Pope County, Arkansas, and that alone. *Id.*; *Plaintiffs' Trial Brief*, pp. 3-6. Amendment 104 specifically and solely applies to CNB's casino license. Amendment 100 approved 4 casinos; all but Pope County's are not and could not be implicated by Amendment 104 as a result and, it is necessarily true that Amendment 104 punitively targets only Pope County's EDA with CNB, and punitively targets CNB's license. The State simply cannot argue otherwise. Amendment 104 purposes were crystal clear. It stated: the Countywide Voter Approval for New Casino Licenses *and Repeal Casino Licenses in Pope County Initiative*. The Ballot Title in relevant part said:

> To repeal authorization for a casino in Pope County, Arkansas and to repeal the authority of the Arkansas Racing Commission to issue a casino license *for Pope County, Arkansas*;

4

The Popular name is also no help to the State: It stated: "An amendment requiring local voter approval in a countywide special election for certain new casino licenses *and repealing authority to issue a casino license in Pope County, Arkansas*.

This measure was approved. And in submitting it to the voters, which they approved, the initiative sponsors explicitly and solely targeted, punitively, the casino license already issued for CNB. The fact that it culminated in a constitutional amendment is of no moment. *See Assoc. to Preserve and Protect Local Livelihoods v. Town of Bar Harbor*, "'If federal law 'imposes restrictions on conferred rights on private actors' and 'a state law confers rights or imposes restrictions that conflict with federal law,' 'the federal law takes precedence and the state law is preempted.'" 721 F.Supp.3d 56, 78-79 (D. Maine 2024); *Waters v. Ricketts*, 159 F.Supp.3d 992, 1002 (D. Neb. 2016); U.S. Const. art. I, § 10 cl. 1.

Even following the State's stated elements in its motion, Amendment 104 is a bill of attainder: "Amendment 104 must satisfy three requirements: 'specification of the effected persons, punishment, and lack of judicial trial.'" Doc. No. 68, p. 5 (quoting *Selective Serv. Sys. v. Minn. Pub. Int. Rsch. Grp.*, 468 U.S. 841, 847 (1984)). Amendment 104 and all the efforts put into it, were to impair Pope County, CNB, and the valid EDA (for the purpose and benefit of Choctaw Nation). The County contends the facts adduced thus far *explicitly* meet the criteria for a bill of attainder even under the State's stated elements for such a claim. The County submits the Plaintiffs are correct and have validly made a bill-of-attainder claim for which Plaintiffs should prevail.

**CONCLUSION**

For the foregoing reasons, Pope County submits that the Plaintiffs should prevail in this action.

Respectfully submitted,

Pope County, Arkansas
Non-Party

Michael A. Mosley
Ark. Bar No. 2002099
Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1312 W. Oak Street
Conway, Arkansas 72034
Telephone (501) 764-4334
Telefax (501) 764-9173
email: mosley@jowenslawfirm.com

6