IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHEROKEE NATION BUSINESSES, LLC;**
**CHEROKEE NATION ENTERTAINMENT, LLC;**
**AND JENNIFER MCGILL**                                                                             **PLAINTIFFS**

VS.                                         NO. 4:24-cv-969-dpm

**STATE OF ARKANSAS; and ALEX LIEBLONG, MARK LAMBERTH,**
**STEVE ANTHONY, DENNY EAST, MICHAEL POST,**
**JOHN SCHMELZLE, AND STEVE LANDERS,**
in their official capacities                                                                           **DEFENDANTS**

## NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW, Plaintiffs in the above-captioned matter, by and through undersigned counsel, and hereby respectfully submit the following supplemental authority:

1.      A panel of the Eleventh Circuit Court of Appeals has answered a question raised in this litigation: the Takings Clause of the Fifth and Fourteenth Amendments are self-executing and do not require prior legislative authorization to be given effect. *Fulton v. Fulton County Board of Commissioners*, --- F.4th ----, 2025 WL 2166416 (11th Cir. July 31, 2025).

2.      In *Fulton*, the Eleventh Circuit explained that the Constitution's promise of just compensation for governmental takings is not illusory. Instead, a person can bring suit against the government directly under the Takings Clause, without needing to invoke a separate cause of action. *Fulton*, --- F.4th ----, 2025 WL 2166416, at *1 ("Now, after careful review of the text, structure, and history of the Constitution, we conclude that the Takings Clause does directly authorize suit.").

3.      The Eleventh Circuit relied upon several factors which made clear that the Takings Clause is self-executing:  First, that "the Takings Clause is one of only two constitutional guarantees that provides its own remedy," *i.e.*, "just compensation," *Fulton*, --- F.4th ----, 2025

1

WL 2166416, at *6; U.S. Const. amend. V; second, that the Supreme Court described the clause as "self executing" in *Knick v. Township of Scott*, 588 U.S. 180, 194 (2019), *Fulton*, --- F.4th ----, 2025 WL 2166416, at *6; and third, that the history of the Takings Clause and Fourteenth Amendment illustrates an intent on the part of the ratifying public to make the Clause self-executing, *id.* at *11-21.

    4.    Still, the Eleventh Circuit recognized that even without a self-contained cause of action for monetary damages in the form of just compensation, "[t]he other federal remedy that might apply is equitable relief." *Fulton*, --- F.4th ----, 2025 WL 2166416, at *25 (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015). Such relief is particularly appropriate where sovereign immunity bars an award of monetary damages against the defendant. *United States v. Grand Lab'ys, Inc.*, 174 F.3d 960, 965 (8th Cir. 1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (suits for prospective equitable relief are available against state officials despite Eleventh Amendment).

    5.    The Eleventh Circuit also explained that, for state-law remedies to be sufficient (and therefore to avoid a waiver of sovereign immunity), the state remedies cannot provide for any less relief than that authorized by the Takings Clause. *Fulton*, --- F.4th ----, 2025 WL 2166416, at *25-26. This was especially important, the court recognized, because "[a] federal right guarantees a federal remedy" which cannot be "dependent on the whims of states." *Id.* at *27. As Plaintiffs have explained previously, Arkansas does not supply any remedy in its state courts that would be sufficient to satisfy the Takings Clause. Here, the State has pointed to the Arkansas State Claims Commission as an adequate post-deprivation remedy. Consistent with the Eighth Circuit Court of Appeals cases cited by Plaintiff, *Fulton* strongly suggests that a state legislative remedy for a taking is qualitatively inferior to a federal judicial remedy.

6. Plaintiffs submit this case as supplemental authority for this Court's review.

                                                                             Respectfully submitted,

                                                                  Bart W. Calhoun, No. 2011221
Scott P. Richardson, No. 2001208
Brittany D. Webb, No. 2023139
Lauren McCauley, No. 2023140
McDaniel Wolff, PLLC
1307 West 4th Street
Little Rock, AR  72201
(501) 954-8000
scott@mcdanielwolff.com
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
lmccauley@mcdanielwolff.com

and

Paul D. Clement (*pro hac vice*)
James Y. Xi (*pro hac vice*)
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
james.xi@clementmurphy.com